# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

WYATT N. REDFOX,

        Plaintiff,

        v.

JOHN DOE, *et al.*,

        Defendants.

Case No. 3:21-cv-00004-SLG-KFR

## ORDER RE FINAL REPORT AND RECOMMENDATION

On January 6, 2021, Wyatt N. Redfox, a self-represented prisoner, filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983.[1] Pursuant to District of Alaska Local Magistrate Judge Rules, the case was initially referred to the Honorable Magistrate Judge Matthew M. Scoble.[2] The magistrate judge reviewed the complaint, as required by federal law; explained the deficiencies to Mr. Redfox; and permitted him to file an amended complaint or a notice of voluntary dismissal. On July 8, 2021, Mr. Redfox filed his First Amended Complaint, along with an Application to Waive Prepayment of the Filing Fee.[3] Judge Scoble granted Mr. Redfox's Application to Waive Prepayment of the Filing Fee at Docket 15, but found the amended complaint deficient, dismissed it, and again permitted Mr.

---

[1] Docket 1.

[2] Docket 5.

[3] Docket 13.

Redfox to amend or voluntarily dismiss. On September 14, 2021, Mr. Redfox filed a Second Amended Complaint.[4] The matter was then referred to Magistrate Judge Kyle F. Reardon.[5] Judge Reardon reviewed the Second Amended Complaint and at Docket 22 issued a Report and Recommendation in which he recommended that this action be dismissed with prejudice. Mr. Redfox filed an objection to the Report and Recommendation at Docket 23.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[6] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[7] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[8]

The magistrate judge recommended that the Court dismiss the Second Amended Complaint with prejudice. In his objection, Mr. Redfox first asserts that

---

[4] Docket 17.

[5] Docket 21.

[6] 28 U.S.C. § 636(b)(1)(C).

[7] *Id.*

[8] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Case No. 3:21-cv-00004-SLG, *Redfox v. Doe, et al.*
Order re Final Report and Recommendation
Page 2 of 4
Case 3:21-cv-00004-SLG-KFR   Document 24   Filed 02/11/22   Page 2 of 4

judicial immunity should not apply to the state magistrate judge's conduct at the arraignment. He cites to *Harper v. Merckle*, a Fifth Circuit case in which the appellate court held that judicial immunity did not apply to Judge Merckle.[9] That case is inapposite. The circuit court recognized that its holding was "exceedingly narrow and is tailored to this, the rarest of factual settings"—the setting "when it is beyond reasonable dispute that a judge has acted out of personal motivation and has used his judicial office as an offensive weapon to vindicate personal objectives, and it further appears certain that no party has invoked the judicial machinery for any purpose at all."[10] No such circumstances were present at Plaintiff's arraignment here.

Second, Mr. Redfox asserts that prosecutorial immunity should not apply to the prosecutor's attempt to use "Courtview," the state court records search function, "as a tool to support probable cause against Plaintiff."[11] This assertion is without merit. The prosecutor was performing tasks "intimately associated with the judicial phase of the criminal process" to which prosecutorial immunity applies.[12]

Third, Mr. Redfox objects to the magistrate judge's recommendations regarding his claims against the probation officers and police officers involved in

---

[9] 638 F.2d 848 (5th Cir. Unit B Mar. 1981).

[10] *Id.* at 859.

[11] Docket 23 at 3.

[12] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Case No. 3:21-cv-00004-SLG, *Redfox v. Doe, et al.*
Order re Final Report and Recommendation
Page 3 of 4
Case 3:21-cv-00004-SLG-KFR   Document 24   Filed 02/11/22   Page 3 of 4

his arrest in March 2020. He asserts that there was insufficient evidence that he had violated the terms of his probation and hence, these individuals violated his constitutional right to be protected against unreasonable searches and seizures. He acknowledges that he posted bail on April 3, 2020, but maintains that he was nonetheless held without justification from March 27, 2020 until April 3. On de novo review, the Court agrees with and adopts the analysis of the magistrate judge on these points.[13] The Court further agrees that granting further leave to amend would be futile at this juncture, such that dismissal with prejudice is warranted at this time.

Accordingly, the Court ACCEPTS the Report and Recommendation in its entirety, and IT IS ORDERED that the Second Amended Complaint is DISMISSED with prejudice. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 11th day of February, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] *See* Docket 22 at 14–17.

Case No. 3:21-cv-00004-SLG, *Redfox v. Doe, et al.*
Order re Final Report and Recommendation
Page 4 of 4
Case 3:21-cv-00004-SLG-KFR   Document 24   Filed 02/11/22   Page 4 of 4